NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-431

DARRIN WHITMAN

vs.

CAROL A. MICI[1] & another.[2]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff filed a complaint in Superior Court seeking declaratory and injunctive relief requiring the defendants to house him in a single cell at the Massachusetts Correctional Institution at Norfolk (MCI-Norfolk), pursuant to G. L. c. 127, § 22. He appeals from a judgment of the Superior Court granting the defendants' motion to dismiss for failure to state a claim upon which relief can be granted. Mass. R. Civ. P. 12 (b) (6), 365 Mass. 754 (1974). He also appeals from the denial of his motion for reconsideration. We affirm.

Discussion. "We review the grant of a motion to dismiss de novo, accepting as true all well-pleaded facts alleged in the

_____

[1] Individually, and as Commissioner of Correction.
[2] Nelson Alves, individually and as superintendent of the Massachusetts Correctional Institution at Norfolk.

complaint, drawing all reasonable inferences therefrom in the plaintiff's favor, and determining whether the allegations plausibly suggest that the plaintiff is entitled to relief." Lanier v. President & Fellows of Harvard College, 490 Mass. 37, 43 (2022).

The plaintiff is incarcerated at MCI-Norfolk, where he serves a life sentence on his conviction for murder in the first degree. See Commonwealth v. Darrin Whitman, 416 Mass. 90 (1993). In his complaint, the plaintiff requested a declaration and permanent injunction pursuant to G. L. c. 127, § 22, requiring the defendants to refrain from housing two inmates in the same cell. Massachusetts General Laws c. 127, § 22, states "unless the crowded state of the institution so requires, [any two prisoners shall not] . . . be allowed to occupy the same room, except for work" (emphasis added). The plaintiff asserts that the statute empowers a judge of the Superior Court to enjoin the defendants from housing more than one inmate in the same cell.

However, the plaintiff only alleged that six thousand fewer individuals were incarcerated at the time of the complaint than were incarcerated at some point in the past. He did not plead that MCI-Norfolk was insufficiently crowded to warrant housing any inmate with another, which is what the statute prohibits, or even that he himself was currently housed or very likely to be

2

housed with another inmate, as would be required to give him standing to sue.[3]  Thus, the plaintiff did not meet his burden to allege facts "'plausibly suggesting (not merely consistent with)' an entitlement to relief."  See Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008), quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007).[4]

The plaintiff also contends that he has the constitutional right to a single occupancy cell.  This argument also fails, as there is no constitutional right to a single cell.  Bell v. Wolfish, 441 U.S. 520, 542 (1979) ("We disagree . . . that there is some sort of 'one man, one cell' principle lurking in the Due Process Clause of the Fifth Amendment").

Finally, the plaintiff appeals from the judge's denial of his motion for reconsideration.  "[W]e review the judge's denial of a motion for reconsideration only for abuse of discretion."  Merchants Ins. Group v. Spicer, 88 Mass. App. Ct. 262, 271

---

[3] Nor do the population figures that we requested and that the defendants provided in their post-argument letter give us reason to believe the statute is currently being violated at MCI-Norfolk.

[4] The defendants cite several Federal District Court cases for the proposition that that there is no private cause of action to enforce G. L. c. 127, § 22.  See Smitherman vs. Stevenson, U.S. Dist. Ct., No. 13-10161 (D. Mass. July 12, 2017); Scott vs. Dickhaut, U.S. Dist. Ct. No. 10-11348 (D. Mass. Aug. 1, 2013); Cryer vs. Spencer, U.S. Dist. Ct. No. 11-10654 (D. Mass. Mar. 15, 2012).  We need not address and do not reach whether there are no circumstances where a plaintiff may bring a private cause of action under G. L. c. 127, § 22.

(2015).  The plaintiff offered nothing new in his motion for reconsideration, merely asserting that the judge's decision was "baseless" and stating that she "should not have dismissed" his claim.  We discern no abuse of discretion in the judge's denial of the motion.

Judgment of dismissal and order denying motion for reconsideration affirmed.

By the Court (Sacks, Brennan & D'Angelo, JJ.[5]),

*Joseph F. Stanton*

Clerk

Entered:  December 11, 2023.

---

[5] The panelists are listed in order of seniority.